CARLOS JATO, State Bar No. 282710
Law Office of Carlos Jato
819 Eddy Street
San Francisco, CA  94109
Tel:  415.771.6174
Fax: 415.474.3748
E-mail:  cgjato@jato-law.com

Attorney for Plaintiff BEATRIZ ALONSO, NATALIA DEN BOER, ESTEBALIZ GEIJO on their own behalf and all others similarly situated.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALONSO and NATALIA DEN BOER on their own behalf and all others similarly situated.<br><br>Plaintiffs,<br><br>-vs-<br><br>AU PAIR CARE INC.; CULTURAL HOMESTAY INTERNATIONAL and DOES 1-60 inclusive,<br><br>Defendants. | Case No. 3:18-CV-00970-LB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>[Jury Trial Demanded]<br><br>- Minimum Wage – Lab. Code 1194<br>- Overtime pay – Lab. Code §1198<br>- Labor Code §226 violations;<br>- Late payment of wages – Lab Code 201 and 203<br>- Business expenses – Lab. Code 2802<br>- UCL 17200<br>-Private Attorney General Act (PAGA) – Labor Code sec. 2698 et seq.<br><br>CLASS ACTION AND REPRESENTATIVE ACTION |

**I.    PARTIES:**

1.    Plaintiff, BEATRIZ ALONSO (a resident of Spain) ESTEBALIZ GEIJO and NATALIA DEN BOER (a resident of the State of California, USA) on their own behalf and all others similarly situated, (all of them citizens of Spain and hereinafter referred collectively as Plaintiffs) complains of Defendants as follows:

2.    CULTURAL HOMESTAY INTERNATIONAL (CHI) and AU PAIR CARE (APC). (hereafter "Defendants") run an au pair agency business. Defendant CHI employed BEATRIZ ALONSO and Defendant APC employed ESTEBALIZ GEIJO and NATALIA DEN

BOER each as home care professionals at the homes of families in the State of California. Defendants did establish the pay rates that Plaintiffs would receive from each host family. Defendants exercised control over wages, hours and working conditions of Plaintiffs and the class they represent; Defendants suffered and permitted the work of plaintiffs under the conditions delineated in this complaint and also engaged the work of plaintiffs, thereby creating an employment relationship between defendants and plaintiffs under California law.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under the Class Action Fairness Act because, upon information and belief, the amount of damages sought exceed in the aggregate the amount of $5,000,000.00; there are at least 100 class members in all proposed plaintiff classes; and class members are foreign citizen.

2. Venue is proper in the northern district because defendants conduct a substantial amount of their business within the territory comprised within this district and the conduct alleged in this complaint arose within the territory of this district.

## III. GENERAL ALLEGATIONS

3. Plaintiffs' job duties consisted on performing work as an in-home care giver (Au Pair) by serving the needs of a host family including but not limited to cleaning, babysitting and assisting their host family with any of their domestic needs while living at the home of the host family.[1]

4. In this complaint, when reference is made to any act of defendants such allegations shall mean that agents, employees or representatives of defendants authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business and did so while acting within the course and scope of its employment or agency.

---

[1] Plaintiffs are participants of the J-1 Visa program which has become a source of cheap labor. The named plaintiffs and the class they seek to represent are young foreign workers with often limited English skills that are required to provide and in fact did provide families of the State of California with 45 hours per week of work at an hourly rate of $4.35 in violation of California Minimum Wage laws.

2       1ST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5.      Plaintiffs are informed and believe and thereupon further allege that CHI, APC designed a joint scheme to compensate plaintiffs with wages well below the minimum wage standards set by the statutes enacted in the State of California.[2] Defendants also failed to pay all wages due upon termination. Defendants failed deliberately to pay the aforementioned wages as an attempt to increase the profits of their business in conscious disregard of plaintiff's rights under the law and creating also an unfair competition in a way that disrupts the market of home care providers in the State of California. The State Department website specifically advises J-1 visa holders like *au pairs*, of their right minimum wage at (at least) $7.25 per hour and to "check [t]he minimum wage for the state in which you work. If that wage is higher, you have the right to be paid the higher amount." However, CHI and APC agreed amongst themselves that each sponsor would place *au pairs* with host families at a wage pegged to a wage floor of $195.75 and no greater despite running their operations in California where the cost of living prompted the legislature to enact a minimum wage higher than the federal minimum. Defendant misled plaintiffs and failed to disclose to each of them their right to receive State Minimum Wage for all hours worked. The au pairs reasonably relied on the representations made by the Defendants and the *au pair* program has thus developed into a cartel setting uniform wages at $4.35 per hour in violation of the labor laws of the State of California.

6.      Plaintiffs worked 45 or more hours per week or in excess of 5 days per week and were paid a flat wage of $195.75 per week without any overtime pay. Plaintiffs were not given a detachable stub showing hours worked or the hourly rates applicable. Upon their termination (or thirty days thereafter), plaintiffs were not paid the wages owed to them. The question raised in this complaint is directly connected to the fourteenth amendment of the US constitution: Are defendants justified in requiring that plaintiffs be paid less than minimum wage for their work just by reason of their national origin or immigration status (J1 visa holder)?

7.      Plaintiffs do not know the true names of Defendants DOES 1-60 inclusive, and

---

[2] CHI and APC are two of the 15 sponsor organization that are in charge of the recruiting and placing the Au Pairs with families in the State of California. The sponsors control au pair labor market and upon information and belief have agreed to set Au Pair compensation far fellow the State of California Minimum Wage.

therefore sue them by those fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the Does 1-60 and all named Defendants, and each of them, encouraged, supported, advised, agreed upon and ratified the violations that are alleged in this complaint. Each of these fictitiously named defendants has also participated in the wrongful acts and omissions complained of herein and, in addition in other ways, assisted the named defendants in their activities, as alleged herein, and each of the fictitiously named defendants has been the knowing beneficiary of the named defendants wrongful acts and omissions as alleged herein.

## IV.    REPRESENTATIVE AND CLASS ACTION ALLEGATIONS

8. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated. The proposed Class and representative group that plaintiffs seek to represent is defined as follows:

9. The Class/group is defined as all individuals who have worked as Au Pairs in California through a J1 visa sponsored by either APC or CHI and who were not paid in accordance to the California Labor Code and the applicable California Wage Order.

10. Plaintiffs are informed and believe and, on that basis, allege that the Class is so numerous that joinder of all members would be impracticable. The exact size of the Class and the identity of the members of the Class is ascertainable from the business records of Defendants. Plaintiffs are further informed and believe that joinder of all members would be impracticable because upon completion of their work as Au Pair, class members have to return to their country of origin which makes it difficult if not impossible for them to assert their rights as alleged in this complaint in separate lawsuits.

11. There is a well-defined community of facts common to all class members including but not limited to the following:

    a. APC and CHI pay practices towards members of the Classes were uniform as to all class members;

    b. APC and CHI did not pay (or require the payment of) California overtime even when class members worked forty-five or more hours in a week in California as

   au pair;
c. APC and CHI did not pay (or require the payment of) California overtime even when class members worked over eight hours in a day in California as au pair;
d. APC and CHI did not reimburse (or require the payment of) expenses to any class members while working as au pair in California;
e. All class members were employed as au pairs;
f. All class members worked as au pairs in California;
g. All class members were paid the weekly amount of $195.75 as set by Defendants;
h. No class member was paid for all hours worked in accordance with California minimum wage;
i. All class members employment was terminable at will by Defendants;
j. All class members hours of work were set by Defendants;
k. All class members pay rate was set by Defendants;
l. Defendants required work experience for all class members and provided the training to class members.
m. Defendants did set the methods in which request for vacations and time off from the host family and the amounts of time off and vacation allowed to class members.
n. Defendants also required class members not to engage into marital and religious relationships with anyone during the stay with the host family.
o. Defendants did set all the employment policies for class members including performing background checks on the plaintiffs and members of the class, requiring the class members to prepare meals, supervise minors, transport by car host family members and many others.
p. Defendant's reserved the right to resolve any and all disputes between the host family and the class members.
q. APC and CHI retainer the power to terminate the employment of each Class

1ST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Member;

r. The work of all class members was integral to APC and CHI business model;

s. All class members performed the same duties as all other class members and under specific employment rules set by defendants;

t. APC and CHI exercised and had the right to exercise tight control over the work of all class members;

u. APC and CHI received compensation for every au pair the Defendant successfully placed in a home in California;

v. All class members had the same job description;

w. No class member received all money due to him or her upon termination of employment;

x. The statute of limitations for every class member is 1, 3 or 4 years depending on the claim asserted but as to each claim asserted is the same for all class members;

y. All class members have the identical interest in having liability found based on the facts that will be proven as to the class representatives;

PREDOMINANT ISSUES OF LAW AND/OR FACT WHICH WILL BE DETERMINED IN THIS ACTION:

The following issues are the predominant issues that the court will determine in this action:

a. Whether CHI and APC exercised control over wages, hours and working conditions of Plaintiffs;

b. Whether CHI and APC suffered and permitted the work of plaintiffs as au pairs,

c. Whether CHI and APC was required by law to pay (or require the payment of) overtime under California Law to class members;

d. Whether CHI and APC should have paid (or require the payment of) minimum wage for each hour worked by the class members.

e. Whether CHI and APC owes liquidated damages to all class members because they did not pay any class member (or require the payment of) minimum wages for all

hours worked;

f. Whether CHI and APC owes liquidated damages to class members for the failure to pay (or require the payment of) California overtime for work over 40 hours;

g. Whether liquidated damages due under the Labor Code sec. 1194.2 are considered "restitution" under Business and Professions Code 17200 and thus recoverable under that statute;

h. Whether any or all monies sought herein are considered restitution and thus due under Business and Professions Code 17000;

i. Whether any equitable defenses apply to the claims made under Business and Professions Code 17200;

j. Whether CHI and APC owes penalties under Labor Code 203 to class members no longer employed;

k. Whether CHI and APC did not pay (or require the payment of) all overtime wages due;

l. Whether CHI and APC paid (or require the payment of) all wages due to class members who ceased employment, or reimburse all expenses due upon discharge;

m. Whether interest is due on wages found due;

n. Whether the method of paying class members, which was in fact uniform throughout the class including paying its class members a flat weekly rate of $195.75 regardless of working 45 hours per week, was lawful;

o. Whether CHI and APC violated California labor law by failing to provide class members with wage stubs with the information required under Labor Code 226;

p. Whether CHI and APC failure to give all class members wage stubs with the items required by Labor Code 226 caused injury to class members;

q. Whether CHI and APC's business practices are unlawful, fraudulent and/or unfair in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL");

r.   Whether Defendants are liable for statutory penalties under Labor Code §§558 and 2698 et seq.

s.   Whether Industrial Welfare Commission Order 15-2001 and MW-2014 and 17-2001 applies to the plaintiffs, the class and the Aggrieved Employees.

t.   Whether any exemptions apply to class members.

u.   Whether class members are entitled to liquidated damages under Business and Professions Code 17200 using Labor code sec.1194.2 as a predicate act;

v.   Whether all class members job descriptions were identical;

w.   Whether any affirmative defenses limit or eliminate any claim and as to each the result will be true as whether Defendants' pay practices towards members of the Classes conform to the requirements of the California Labor Code and applicable Wage Order(s) (including but not limited to Industrial Welfare Commission Order 15-2001, MW-2014 and 17-2001), including for failure to pay overtime under California State law, failure to comply with applicable minimum wage requirements under California State law and failure to pay all wages due upon discharge;

x.   Whether Defendants' business practices are unlawful and/or unfair in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL");

y.   Whether Defendants are liable for statutory penalties under Labor Code §§ 558 and 2698 et seq.

12.   The claims asserted by Plaintiffs in this action are typical of the claims of the Class. The claims arise from the same course of conduct by Defendants (namely setting the wages of defendants below California minimum wage and failure to pay overtime). The relief sought is common (the difference between the wages paid the state mandated California minimum wage and overtime premiums).

13.   Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel who is competent and experienced in employment and class action litigation.

14. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has suffered injury and is entitled to recover by reason of Defendants' unlawful conduct. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. In addition, because the economic damages suffered by the individual class members may be relatively modest, compared to the expense and burden of individual litigation, it would be impracticable for members of the Classes to seek redress individually. Moreover, the prosecution of separate actions against Defendants by individual Class members would create a risk of inconsistent judgments. Finally, there will be no undue difficulty in the management of this litigation as a class action.

## FIRST CAUSE OF ACTION

### (CALIFORNIA MINIMUM WAGE - LABOR CODE §1194)

15. Plaintiffs incorporate herein all of the allegations, averments and matters contained in paragraphs 1-14 inclusive as if set forth at length herein i*n haec verba*

16. Labor Code §1194 provides that any employee who receives less than minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of the minimum wage or overtime in addition to interest on said amounts and attorney's fees. Plaintiffs did not receive minimum wage or greater for each and every hour worked. Plaintiffs and the class members are also entitled to an equal amount as liquidated damages under Labor Code 1194.2.

17. Plaintiff is also entitled to interest, attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION

### (FAILURE TO PAY OVERTIME WAGES PURSUANT TO LABOR CODE §§510 and 1198 and Wage Order 15-2001 and 17-2001)

18. Plaintiffs individually, and on behalf of the class incorporate by reference all of the allegations, averments and matters contained in paragraph 1 through 14, 16-17 inclusive as if set forth at length herein in *haec verba*.

19. Defendants failed and refused to pay plaintiff and the members of the class the overtime wages due for time worked in excess of eight hours per day or forty hours per week. Defendants failed and refuse to pay the overtime wages for work performed on the seventh consecutive day of work or for double time for hours in excess of twelve on a daily basis or in excess of eight hours on the seventh day.

20. Labor Code §1198 provides that it is unlawful to employ workers for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

21. At all times relevant herein, the Industrial Welfare Commission Wage Order no. 15 and Labor Code 510 applied to the employment of plaintiff and class members by defendant. Said wage order provides that a LIVE-IN employee shall have at least 12 consecutive hours free of duty during each workday of 24 hours, and the total span of hours for a day of work shall be no more than 12 hours, except under the following conditions: (1)The employee shall have at least three (3) hours free of duty during the 12 hours span of work. Such off-duty hours need not be consecutive, and the schedule for same shall be set by mutual agreement of employer and employee, provided that (2) An employee who is required or permitted to work during scheduled off-duty hours or during the 12 consecutive off-duty hours shall be compensated at the rate of one and one-half (1/2) times the employee's regular rate of pay for all such hours worked. Plaintiffs were required to work during their off-duty hours without 1 and ½ rate of compensation.

22. Pursuant to Labor Code 1194(a), Plaintiff and the class members are entitled to recover his lost earnings for overtime in the amount to be determined at trial plus reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (PAYSTUB VIOLATION OF LABOR CODE SECTION 226)

23. Plaintiffs individually, and on behalf of the class incorporate herein all of the allegations, averments and matters contained in paragraphs 1-14, 16-17, 19-22 inclusive as if set forth at length herein i*n haec verba.*

24. Labor Code Section 226 requires all employers to provide each employee at the time of the payment of wages with a detachable part of the check, draft or voucher paying the employee's wages which shows the gross wages earned and total hours worked.

25. Defendants violated this Labor Code section and plaintiff and the class members were unable to determine if they were accurately paid for all hours worked.

26. As a result of said violations of Labor Code Section 226, plaintiff and the class members have suffered actual injury and are entitled to recover for those actual damages, statutory penalties, as well as reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES

## (LAB. CODE, § 201-203)

27. Plaintiffs individually, and on behalf of the class incorporate by reference all of the allegations, averments and matters contained in paragraph 1 through 14, 16-17, 19-22, 24-26 inclusive as if set forth at length herein in *haec verba*.

28. Plaintiffs and/or the members of the Plaintiffs' Class who ended their employment during the Class Period were entitled to be promptly paid lawful overtime and minimum wage compensation and other premiums, and reimbursed for expenses, as required by Labor Code, sections 201-203. Pursuant to Labor Code, section 203, Plaintiffs and the Class members seek payment of penalties, according to proof. Defendants willfully failed to make the payments due to class members.

29. Additionally, Plaintiffs and the Class members are entitled to attorneys' fees and costs, pursuant to Labor Code 218.5 and prejudgment interest.

30. Plaintiffs and the Class they seek to represent request relief as described below.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 2802 ET SEQ.

31. Plaintiffs individually, and on behalf of the class incorporate by reference all of the allegations, averments and matters contained in paragraph 1 through 14, 16-17, 19-22, 24-26, 28-

11

1ST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  30 inclusive as if set forth at length herein in *haec verba*.

2      32.    Pursuant to California Labor Code Section 2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

    33.    During all relevant periods, Defendant CHI informed plaintiff and the class of them being "expected" to drive the family car in order to be able to render the services on behalf of the family. APC told plaintiff and the other members of the class that the au pairs are wholly responsible for their personal expenses. Furthermore, CHI required plaintiffs in writing to reimburse for expenses incurred by plaintiffs including automobile expenses, telephone bills and travel expenses. Defendant required plaintiffs to pay expenses needed to perform the work.

    34.    During all relevant periods, Defendants were responsible for reimbursing Plaintiffs for their expenditures and losses as a direct consequence of the discharge of their duties, but failed to do so.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200 *et seq.*

    35.    Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-14 16-17, 19-22, 24-26, 28-30, 32-34 inclusive as if set forth at length herein i*n haec verba*

    36.    Labor Code §1194 provides that any employee who receives less than minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of the minimum wage or overtime in addition to interest on said amounts and attorney's fees. Plaintiffs did not receive minimum wage or greater for each and every hour worked. Plaintiffs are also entitled to an equal amount as liquidated damages under Labor Code 1194.2.

    37.    Defendant's violations of Labor Code §201, §202, §203, §221, §224, 226, 510, 558, 1194, 1198, 2802 and IWC MW-2014, 15-2001, 17-2001 constitute unlawful, illegal and unfair business practices in violation of California Business and Professions Code §17200 et seq.

    38.    Pursuant to Business and Professions Code §17203, Plaintiffs and the members of

the class are entitled to equitable restitution of all sums unlawfully denied to them. Plaintiffs also seek an order requiring Defendants to disgorge all unlawful profits made as a result of the unfair/illegal/fraudulent business practices alleged herein, at least to the extent necessary to compensate them in full for monies owed to plaintiff under the cited statutes.

## SEVENTH CAUSE OF ACTION

## PRIVATE ATTORNEY GENERAL ACT

### Civil Penalties and Wages under the Labor Code

### (Violation of Labor Code §§ 2698 *et seq.*)

*(Beatriz Alonso and Natalia Den Boer individually and Aggrieved Employees against Au Pair Care and Cultural Homestay International)*

39. Plaintiffs individually, and collectively, incorporate by reference as though fully set forth herein in paragraphs 1-14 16-17, 19-22, 24-26, 28-30, 32-34 inclusive as if set forth at length herein i*n haec verba*.

40. As a result of Defendants' conduct as alleged herein and Plaintiffs, as representatives of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission. Defendants are liable for numerous civil penalties that may be assessed and collected by the Labor and Workforce Development Agency or its departments, divisions, commissions, boards, agencies or employees. Plaintiffs are also entitled to recover under Labor Code sec. 558 on behalf of the State of California not only those penalties but also the unpaid wages due to them and for the aggrieved employees.

41. Pursuant to California Labor Code sections 2699 through 2699.5, Plaintiffs DEN BOER and ALONSO on December 11, 2017, through counsel, gave written notice by certified mail to Defendants (and filing it electronically through the online portal provided by the California Labor Workforce Development Agency "LWDA") informing them in detail of the specific provisions of the California Labor Code that Plaintiffs alleges were violated by Defendants, including the facts and theories to support the alleged violations. Notice was given in compliance with Labor Code sec. 2699.3 which further provides:

> "The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699 ." [Labor Code sec. 2699.3(2)(a)]

42. Sixty-five days have passed since the post-marked date of the written notice was given pursuant to 2699.3 of the Labor Code listing violations of minimum wage, overtime, willful failure to pay all wages due at termination of employment, failure to reimburse expenses and provide workers compensation insurance (Labor Code sec. 2802 and 3706). No response has been received from the LWDA. Defendants have failed to cure the alleged violations. After exhausting the pre-litigation procedure set forth in Labor Code sec. 2699.3, plaintiffs proceed hereby to amend their complaint to seek all relief available under PAGA.

43. As stated above, Plaintiffs are entitled to recover for themselves and for all other aggrieved employees under the Private Attorney General Act's authority (Labor Code sections 2699 through 2699.5 and 558) the civil penalties and the difference between the unpaid wages and the wages due provided in the following sections of the Labor Code: §201, §202, §203, §221, §224, 226, 510, 558, 1194, 1198, 2802, 2699, 2699.5 and IWC Orders MW-2014, 15-2001, 17-2001. Plaintiffs are former employees aggrieved by Defendants' conduct and have met the procedural requirements set out in those statutes to proceed with this cause of action as a representative action. In addition to the civil penalties and back wages listed herein, plaintiffs also seek attorney's fees and interest for themselves and for all other aggrieved employees.

//

//

//

//

**WHEREFORE PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES AND PRAY JUDGMENT AS FOLLOWS:**

Plaintiff prays for the following relief for himself and on behalf of the Class:

1. Certification of the above-described Class as a class action, pursuant to Cal. Code of Civil Procedure § 382 and appointing Plaintiff and his counsel to represent the Classes;

2. Certification of the above-described Classes under Cal. Business and Professions Code § 17200 and appointing Plaintiffs and their counsel to represent the Classes;

3. Provision of class notice to members of the classes who worked for Defendants in California during the Class Period described above;

4. That the Court find and declare Defendants' acts and practices as described herein to be unlawful, unfair and fraudulent and enter Declaratory Judgment as appropriate;

5. That Defendants be permanently enjoined from engaging in the unlawful and unfair acts and practices alleged herein;

6. An equitable accounting to identify, locate, and restore to all current and former class members the wages that are due;

7. Monetary relief as to all defendants comprised of the following:

    a. An award to Plaintiffs and the Class Members of damages in the amount of unpaid minimum wage and overtime, including interest thereon, subject to proof at trial;

    b. Restitution equal to the sum of Plaintiff's and the Class Members' earned but unpaid overtime and other amounts due or owing, plus interest;

    c. Statutory penalties as provided by law;

    d. Pre-judgment interest on all sums collected;

    e. An award to Plaintiffs and members of the Classes of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 1194, and/or other applicable law; and

    f. An award to Plaintiffs and members of the Classes of such other and further monetary relief as this Court deems just and proper;

      g. Any and all monetary relief including but not limited to penalties and back wages under the seventh cause of action under the Private Attorney General Act.

8. Such other further relief as this Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial on all causes of action except Business & Professions Code Section 17200.

Dated:  February 22, 2018

_____
CARLOS JATO, Attorney for Plaintiffs
BEATRIZ ALONSO, ESTEBALIZ GEIJO
and NATALIA DEN BOER on their own
behalf and all others similarly situated.